UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTOINE WILLIAMS, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:12CV1516 JCH |
| AMERICAN NATIONAL RED CROSS, | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, filed October 23, 2012. (ECF No. 20). The motion is fully briefed and ready for disposition.

**BACKGROUND**[1]

Defendant American National Red Cross is a non-profit organization that responds to and provides aid in the aftermath of natural disasters. (Plaintiff's Original Petition ("Complaint"), ¶ 2). On July 3, 2010, Plaintiff went to Defendant's facility located at 3533 Dunn Road in Florissant, Missouri, to donate blood. (Id., ¶ 5). The phlebotomist employed by Defendant was having trouble obtaining blood from Plaintiff's left arm, and so a co-worker suggested using a heating pad to initiate the blood flow. (Id., ¶¶ 5, 6). A heating pad was heated in a microwave, and then placed on Plaintiff's left arm for 2-5 minutes. (Id., ¶ 7). When the pad was removed there was a bright red blotch on his arm, but the phlebotomist assured Plaintiff it would resolve over time. (Id., ¶ 8). By the next day, however, the area where the heating pad was placed had blistered. (Id., ¶ 9). Plaintiff therefore sought medical care, and was diagnosed with 3rd degree burns on his left arm, which later

---

[1] The Court views the facts in the light most favorable to Plaintiff, as it must for purposes of resolving the instant Motion to Dismiss.

scabbed. (Id., ¶ 9). Plaintiff ultimately developed keloids in the area of the burn, and further suffered sharp pain in his fingers, nerve damage, and limited use of his left arm. (Id., ¶¶ 9, 10). Based on the foregoing, Plaintiff filed the instant Complaint asserting claims for negligence (Count I), punitive damages for negligence (Count II), negligent supervision (Count III), and punitive damages for negligent supervision (Count IV).

On October 3, 2012, Plaintiff filed a Motion for Ninety-Day Extension to File Expert Affidavit pursuant to Missouri Statute § 538.225. (ECF No. 13). In his motion, Plaintiff maintained the affidavit was unnecessary, because this matter does not involve a claim of medical negligence as defined by Missouri Statute § 516.105. Plaintiff nevertheless sought the ninety-day extension, in the interest of preserving his rights should the Court find his action is subject to § 538.225's affidavit requirement. The Court granted Plaintiff's motion on October 10, 2012, and currently Plaintiff has until January 8, 2013, within which to file the health care affidavit. (ECF No. 17).

As stated above, Defendant filed the instant Motion to Dismiss on October 23, 2012. (ECF No. 20). In its motion, Defendant acknowledges Plaintiff's time for filing the appropriate affidavit has not expired. Defendant requests that the Court determine sections 538.205 through 538.230 are controlling in this case, however, and dismiss Plaintiff's Complaint if he does not file the requisite health care affidavit by January 8, 2013.

## DISCUSSION

Mo.Rev.Stat. § 538.225 provides in relevant part as follows:

> In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the

damages claimed in the petition.[2]

(Mo.Rev.Stat. § 538.225.1). Elsewhere, "health care provider" is defined in part as, "any other person or entity that provides health care services under the authority of a license or certificate." (Mo.Rev.Stat. § 538.205.4). Furthermore, "health care services" are defined as:

> [A]ny services that a health care provider renders to a patient in the ordinary course of the health care provider's profession or, if the health care provider is an institution, in the ordinary course of furthering the purposes for which the institution is organized. Professional services shall include, but are not limited to, transfer to a patient of goods or services incidental or pursuant to the practice of the health care provider's profession or in furtherance of the purposes for which an institutional health care provider is organized.

(Mo.Rev.Stat. § 538.205.5). "[T]he resolution of the issue of whether a party must file a health care affidavit depends on whether the relationship of the parties is that of health care provider and recipient and if the true claim relates only to the provision of health care services." Devitre v. Orthopedic Center of St. Louis, LLC, 349 S.W.3d 327, 331-332 (Mo. banc 2011) (internal quotation marks and citation omitted).

In his response to Defendant's Motion to Dismiss, Plaintiff asserts this action is not subject to the requirements of § 538.225, as under the circumstances at issue Defendant was not a health care provider, and was not providing a health care service. The Court finds Plaintiff's position is precluded by the Eighth Circuit's ruling in Smith v. Paslode Corp., however, as follows:

> [Plaintiffs] first contend section 516.105[3] does not apply because the Red Cross is not an "entity providing health care services." We disagree. The Red Cross

---

[2] § 538.225.6 provides that in the event the plaintiff or his attorney fails to file the affidavit, upon motion of any party the Court must dismiss the action without prejudice.

[3] The statute at issue in Smith, Mo.Rev.Stat. § 516.105, provides in relevant part as follows: "All actions against physicians, hospitals,....and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of..."

- 3 -

is an entity, and under Missouri law, the procurement, processing, distribution, or use of whole blood, plasma, blood products, and blood derivatives for transfusion into the human body is a service. Mo.Stat.Ann. § 431.069 (Vernon 1992). The district court found the undisputed evidence showed the Red Cross uses medical expertise in collecting, processing, and distributing blood. 799 F.Supp. at 966. We agree with the district court that the Red Cross is an entity that provides health care services....

>Other Missouri statutes support our view that the Red Cross provides health care services. After the Missouri legislature enacted section 516.105, it enacted statutes that limit noneconomic damages in tort actions for improper health care. Mo.Stat.Ann. §§ 538.205-.230 (Vernon 1988). For the purpose of chapter 538, "health care services" are defined as including "transfer to a patient of goods or services....in furtherance of the purposes for which an institutional health care provider is organized." *Id.* § 538.205(5). "Health care provider" is defined as "any.... entity that provides health care services under the authority of a license or certificate. *Id.* § 538.205(4). The Red Cross collects and transfers blood in furtherance of its institutional purpose, and the undisputed evidence shows the Red Cross performs blood banking under a Food and Drug Administration license. Thus, it appears that under chapter 538, the Red Cross would be a health care provider that provides health care services.

Smith v. Paslode Corp., 7 F.3d 116, 117-118 (8th Cir. 1993). The Court thus finds the Red Cross is a health care provider for purposes of § 538.225.

To the extent Plaintiff asserts his claims sound in simple negligence rather than negligence related to the provision of health care, the Eighth Circuit addressed this as well, holding that because the actions at issue were implemented by physicians, nurses, and other health care professionals exercising professional judgment, they were related to health care. Smith, 7 F.3d at 118. The same reasoning holds true in this case, as the Court finds that at the time of the incident, Plaintiff's blood was being drawn by a licensed practical nurse exercising her professional judgment. Under these circumstances, the Court holds Plaintiff's claims are subject to the requirements of § 538.225.[4] The

---

[4] Several of the cases cited by Plaintiff are not to the contrary, as they apparently distinguish between claims for which the Red Cross is not a "health care provider" providing a "health care service," such as ones for failure to adopt proper testing and screening procedures to eliminate contamination of blood donations, from claims for which it is, such as ones involving the medical malpractice of its employees acting pursuant to their professional licenses. See, e.g., Miles Laboratories, Inc. Cutter Laboratories Div. v. Doe, 556 A.2d 1107, 1125 (Md. App. 1989);

Court agrees with Plaintiff that dismissal would be premature, however, as Plaintiff previously was granted until January 8, 2013, within which to file the necessary affidavit.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 20) is **GRANTED** in part and **DENIED** without prejudice in part, in accordance with the foregoing.

Dated this  9th  day of November, 2012.

        /s/Jean C. Hamilton
        UNITED STATES DISTRICT JUDGE

---

Kaiser v. Memorial Blood Center of Minneapolis, Inc., 486 N.W.2d 762, 767-768 (Minn. 1992).