UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTOINE WILLIAMS, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:12CV1516 JCH |
| ) | |
| AMERICAN NATIONAL RED CROSS, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Count II and Count IV of Plaintiff's Petition Seeking Punitive Damages ("Motion to Dismiss"), filed October 29, 2012. (ECF No. 21). The motion is fully briefed and ready for disposition.

**BACKGROUND**[1]

Defendant American National Red Cross is a non-profit organization that responds to and provides aid in the aftermath of natural disasters. (Plaintiff's Original Petition ("Complaint"), ¶ 2). On July 3, 2010, Plaintiff went to Defendant's facility located at 3533 Dunn Road in Florissant, Missouri, to donate blood. (Id., ¶ 5). The phlebotomist employed by Defendant was having trouble obtaining blood from Plaintiff's left arm, and so a co-worker suggested using a heating pad to initiate the blood flow. (Id., ¶¶ 5, 6). A heating pad was heated in a microwave, and then placed on Plaintiff's left arm for 2-5 minutes. (Id., ¶ 7). When the pad was removed there was a bright red blotch on his arm, but the phlebotomist assured Plaintiff it would resolve over time. (Id., ¶ 8). By the next day, however, the area where the heating pad was placed had blistered. (Id., ¶ 9). Plaintiff

---

[1] The Court views the facts in the light most favorable to Plaintiff, as it must for purposes of resolving the instant Motion to Dismiss.

therefore sought medical care, and was diagnosed with 3rd degree burns on his left arm, which later scabbed. (Id., ¶ 9). Plaintiff ultimately developed keloids in the area of the burn, and further suffered sharp pain in his fingers, nerve damage, and limited use of his left arm. (Id., ¶¶ 9, 10). Based on the foregoing, Plaintiff filed the instant Complaint asserting claims for negligence (Count I), punitive damages for negligence (Count II), negligent supervision (Count III), and punitive damages for negligent supervision (Count IV).

As stated above, Defendant filed the instant Motion to Dismiss on October 29, 2012. (ECF No. 21). In its motion, Defendant maintains that as a federal instrumentality[2], it is entitled to the same immunity from penalties as the United States itself, and thus is immune from claims for punitive damages in the absence of express statutory authorization. (Id., ¶¶ 4, 5). Plaintiff counters that Congress waived Defendant's immunity to punitive damages through the "sue and be sued" clause in its charter. (See ECF No. 24, ¶ 7).

## DISCUSSION

In Federal Housing Administration v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940), and Loeffler v. Frank, 486 U.S. 549, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988), the Supreme Court addressed the import of "sue and be sued" clauses. In both opinions the Court concluded that, "in cases of organizations whose charters include such clauses, Congressional waiver of sovereign immunity should be construed broadly." Harrington v. American Nat. Red Cross St. Louis Bi-State Chapter, 31 F.Supp.2d 703, 705 (E.D. Mo. 1999).

> *Burr* provides three circumstances in which the waiver should be deemed less than absolute: it must be shown (1) that certain types of suits are not consistent with the statutory or constitutional scheme; (2) that an implied restriction of the general authority is necessary to avoid grave interference

---

[2] Plaintiff acknowledges Defendant is a "quasi-governmental entity." (See ECF No. 24, ¶ 6).

- 2 -

> with the performance of a governmental function; or (3) that for other reasons it was plainly the purpose of Congress to use the sue and be sued clause in a narrow sense.

Id. (citation omitted).  In the absence of such a showing, "agencies authorized to 'sue and be sued' are presumed to have fully waived immunity." Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 481, 114 S.Ct. 996, 1003, 127 L.Ed.2d 308 (1994) (internal quotation marks and citation omitted).

The Court recognizes that courts considering the issue of whether the Red Cross is immune from the imposition of punitive damages have reached differing results.  Compare, e.g., Doe v. American Nat. Red Cross, 847 F.Supp. 643 (W.D. Wis. 1994) and Barton v. American Red Cross, 826 F.Supp. 407 (M.D. Ala. 1993) (finding Red Cross immune from punitive damages claims), with Doe v. American Nat. Red Cross, 845 F.Supp. 1152 (S.D. W.Va. 1994) (holding Red Cross subject to punitive damages to the same extent as any private corporation).  In the only case within this District to consider the question, Judge Limbaugh considered the three circumstances in which the waiver implicit in a "sue and be sued" clause should be deemed less than absolute, and concluded none applied at that time.  See Harrington, 31 F.Supp.2d at 705-707.  Judge Limbaugh cautioned, however, that "at any time that facts may be before the Court suggesting that punitive damages would interfere with those governmental functions, defendant may renew its motion to strike plaintiff's punitive damage demand." Id. at 707.

Upon consideration, this Court agrees that the inclusion of a "sue and be sued" clause in Defendant's charter stripped the corporation of its "cloak of sovereignty," and waived any otherwise existing immunity Defendant may have had in the absence of such provision. Doe, 845 F.Supp. at 1157. Thus, "[u]nless [Defendant] demonstrates an exception operates to overcome this presumption [of waived immunity], no residual immunity remains to protect [Defendant] from the same legal

- 3 -

procedures utilized in actions against corporations unaffiliated with the federal government." Id. (citations omitted). In the instant case, the Court finds that with its brief motion Defendant fails to demonstrate that a complete waiver of its sovereign immunity would be inconsistent with the statutory or constitutional scheme, that it would gravely interfere with the performance of a governmental function, or that it was plainly the purpose of Congress to use the "sue and be sued" clause in a narrow sense. Id. (citation omitted). The Court therefore will deny Defendant's Motion to Dismiss at this time. Defendant may renew its motion at any time, however, in order to demonstrate the applicability of one of the aforementioned exceptions. Harrington, 31 F.Supp.2d at 707.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count II and Count IV of Plaintiff's Petition Seeking Punitive Damages (ECF No. 21) is **DENIED** without prejudice.

Dated this   16th   day of January, 2013.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE